IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JAMES WILLARD MARTIN                                                                    PLAINTIFF

V.                                        NO. 13-5153

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                  DEFENDANT

### MEMORANDUM OPINION

Plaintiff, James Willard Martin, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for supplemental security income (SSI) under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.       Procedural Background:**

Plaintiff filed his application for SSI on December 7, 2010, alleging an inability to work due to chronic obstructive pulmonary disease (COPD), gastroeseophageal reflux disease (GERD), and high blood pressure. (Tr. 24, 110-116, 153). An administrative hearing was held on April 5, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 22-45).

By written decision dated June 1, 2012, the ALJ found that Plaintiff had an impairment or combination of impairments that were severe - COPD. (Tr. 14). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal

the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform the full range of medium work as defined in 20 C.F.R. 416.967(c). (Tr. 14). With the help of the vocational expert (VE), the ALJ determined that Plaintiff was capable of performing his past relevant work as a poultry laborer/egg gatherer. (Tr. 17).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on May 30, 2013. (Tr. 1-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 13).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In

other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

**III.   Discussion:**

Plaintiff raises the following issues on appeal: 1) The ALJ erred in failing to consider all of Plaintiff's impairments in combination; 2) The ALJ erred in his analysis and credibility findings: 3) The ALJ erred in finding that Plaintiff retained the RFC to perform his past relevant work as a poultry laborer/egg gatherer; 4) The ALJ erred in finding Plaintiff retained the RFC to perform medium work; and 5) the ALJ erred in failing to fully and fairly develop the record. (Doc. 11).

**A.   Plaintiff's Impairments in Combination:**

Plaintiff argues that the ALJ disregarded Plaintiff's testimony regarding difficulty with physical exertion, difficulty walking, difficulty sleeping, fatigue, illiteracy, chest pain, hypertension with episodes of dyspnea, hyponatremia, hyperlipidemia and GERD.

In his decision, the ALJ set forth the fact that at step two, he must determine whether Plaintiff had "a medically determinable impairment that is 'severe' or a combination of impairments that is 'severe.'" (Tr. 13). He also stated that an impairment or combination of impairments is "not severe" when medical and other evidence established only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. (Tr. 13). The ALJ stated that at step three, he must determine whether the Plaintiff's "impairment or combination of impairments" meets or medically equals the criteria of an impairment listed in the relevant listings. (Tr. 13). The ALJ concluded that Plaintiff did not have an impairment "or combination of impairments" that met or medically equaled the severity of one of the listed impairments. (Tr. 14). This language demonstrates that the ALJ considered the combined effect of Plaintiff's impairments.  See

Martise v. Astrue, 641 F.3d 909, 924 (8th Cir. 2011); Raney v. Barnhart, 396 F.3d 1007, 1011 (8th Cir. 2005).

The Court finds there is substantial evidence to support the fact that the ALJ considered Plaintiff's impairments in combination.

**B.     Credibility Analysis:**

Plaintiff argues that the ALJ disregarded his subjective complaints of pain in violation of Eighth Circuit case law.

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In this case, the ALJ found that although Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to the extent they were inconsistent with the ALJ's RFC assessment. (Tr. 16). The ALJ discussed Plaintiff's daily activities, noting that he spent about four hours outside daily and was able to drive, shop,

pay bills, and count change. He reported that Plaintiff watched television most of the time, and Plaintiff reported that he took his dog outside and fed her, and had no problem with personal care. (Tr. 15, 135-137). Plaintiff also reported on March 20, 2011, that he collected antiques and "junk" two to three times a week and spent time with others, eating dinner and spending family time every day. (Tr. 174).

On February 17, 2011, non-examining consultant, Dr. Jim Takach, completed a Case Analysis form, opining that the medical records available did not establish a residual severe somatic impairment. (Tr. 319). On April 13, 2011, non-examining consultant Dr. Bill F. Payne, having reviewed all the evidence in the file, affirmed the February 17, 2011 assessment. (Tr. 320). On February 14, 2012, Plaintiff's treating physician, Dr. Leslie Stone, reported that Plaintiff was complaining of having trouble with acid reflux, noting that Plaintiff had "been out of all meds almost 1 year." (Tr. 327). Plaintiff reported that he had worsening dyspnea over the previous several months, with frequent cough and wheezing. However, Dr. Stone noted that Plaintiff continued to smoke despite this. (Tr. 327). On March 5, 2012, Dr. Stone noted that Plaintiff was trying to cut down on cigarettes, but there is no indication as to how much he had cut down. (Tr. 321). Upon general examination, Dr. Stone reported that with respect to Plaintiff's lungs, "prolonged expiratory phase, clear to auscultation bilaterally, no wheezes/rhonchi/rales." (Tr. 323).

The ALJ noted that in October of 2010, Plaintiff reported smoking two packs of cigarettes daily, and was still smoking as of March of 2012. (Tr. 16, 321). Plaintiff's COPD was reported as being stable on medications on December 6, 2010. (Tr. 299). As stated earlier, on February 14, 2012, Plaintiff reported to Dr. Stone that he had been out of all medications almost

AO72A
(Rev. 8/82)

for one year. (Tr. 327). At the hearing, Plaintiff testified that he borrowed money to get his medications filled that were prescribed, and that he took his medicines every day. (Tr. 29). By way of affidavit dated July 16, 2012, Plaintiff reported that the only reason at any time that he would be non-compliant with taking his medication was that he could not afford the medication because he could not work. (Tr. 191). However, Plaintiff has not presented any evidence that he was refused treatment or failed to obtain medication for financial reasons. See Murphy v. Sullivan, 953 F.2d 383, 386-87 (8th Cir. 1992)(there was no evidence the claimant had been denied medical care because of her financial condition). In addition, Plaintiff was somehow able to continue to afford to smoke up to two packs of cigarettes per day.

Based upon the foregoing, the Court here finds there is substantial evidence to support the ALJ's credibility findings.

### C.     RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642,

646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

Plaintiff argues that the ALJ completely disregarded his testimony regarding his physical limitations as well as the findings and opinions of his treating and evaluating physicians. The Court first notes that on December 6, 2010, Plaintiff's COPD was reported by Dr. Leslie Stone as stable on his then current medications. (Tr. 299). On February 14, 2011, a Pulmonary Function Report revealed severe air flow obstruction primarily involving the smaller airways with no significant bronchodilator response. (Tr. 314). On February 14, 2012, Dr. Stone reported that Plaintiff was complaining of having trouble with acid reflux and that he had been out of medications for almost a year. (Tr. 327). In addition, Dr. Stone reported that Plaintiff complained of worsening dyspnea, frequent coughing and wheezing over the previous several months, but continued to smoke despite the complaints. (Tr. 327).

The ALJ reported in his decision that when Plaintiff originally presented to the Community Clinic of Siloam Springs in late 2010, he was started on medication for COPD control and for smoking cessation class. (Tr. 16-17, 294-296). In December of 2010, Plaintiff's COPD was stable, he was walking for exercise, and had no cough, wheezing, or fever. (Tr. 299).

The ALJ also reported that when Plaintiff returned to the Community Clinic in February of 2012, he had been out of medications for about a year and that he had been non-compliant with follow-up instructions. (Tr. 17).

It is clear from the record that Plaintiff was non-compliant with prescribed treatment and it was proper for the ALJ to consider this. See Choate v. Barnhart, 457 F.3d 865, 872 (8th Cir. 2006)(holding that in addition to the results of objective medical tests, an ALJ may properly

consider the claimant's noncompliance with a treating physician's direction, including failing to take prescription medications, seek treatment, and quit smoking).

Plaintiff argues that he was unable to afford his medications. As indicated earlier, there is no evidence Plaintiff was denied medications for financial reasons, and Plaintiff was able to afford to continue smoking up to two packs of cigarettes per day. Furthermore, none of Plaintiff's physicians placed any restrictions on him that would preclude him from performing at medium work level.

Based upon the foregoing, as well as for those reasons given in Defendant's well-reasoned brief, the Court finds there is substantial evidence to support the ALJ's RFC determination.

### D.     Failure to Fully and Fairly Develop the Record:

Plaintiff argues that the ALJ should have obtained a Physical RFC Assessment. The ALJ has a duty to fully and fairly develop the record. See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir. 1995); Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir. 2000). This is particularly true when Plaintiff is not represented by counsel. Payton v. Shalala, 25 FG.3d 684, 686 (8th Cir. 1994). This can be done by re-contacting medical sources and by ordering additional consultative examinations, if necessary. See 20 C.F.R. § 404.1512. The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press her case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010). However, the ALJ is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record. See Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995)("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial"). "The regulations do not require the Secretary or the

AO72A
(Rev. 8/82)

ALJ to order a consultative evaluation of every alleged impairment. They simply grant the ALJ the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination." Matthews v. Bowen, 879 F.2d 423, 424 (8th Cir. 1989). The Court must determine if the lack of a physical consultative examination is unfair or prejudicial. Mans v. Colvin, No. 2:13-cv-2103, 2014 WL 3689797 at *4 (W.D. Ark., July 24, 2014).

As noted by Defendant, Plaintiff's functional limitations were fully developed. The records indicate that Plaintiff's COPD was stable on medication, and the ALJ discussed the objective medical records in this case. In addition, Plaintiff has not presented any evidence showing that had the ALJ obtained a physical RFC assessment or consultative physical examination or elicited additional information from his physicians, the ALJ would have arrived at a different decision, and Plaintiff has failed to demonstrate either that the record was not fully developed or that he was prejudiced by any perceived failure to develop the record.

Based upon the foregoing, as well as for those well-stated reasons given in Defendant's brief, the Court finds there is substantial evidence to support the fact that the ALJ did not fail to fully and fairly developed the record.

### IV. Conclusion:

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 18ty day of August, 2014.

/s/ *Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE